## HANSEN & DIECKMANN v. UNITED STATES.

### WEBER v. SAME.

(Circuit Court, S. D. New York. November 13, 1909.)

#### Nos. 5,560, 5,561.

CUSTOMS DUTIES (§ 38*) — CLASSIFICATION — FISH ROE PRESERVED—CAVIAR—FISH EGGS—"PRESERVED FOR FOOD PURPOSES."

Fish roe, or caviar,. which was necessarily put into brine before importation, because otherwise it would not be suitable for food after importation, is "preserved. for food purposes," within the meaning of Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 549, 30 Stat. 197 (U. S. Comp. St. 1901, p. 1683), which excludes from that paragraph fish roe thus preserved.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 38.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below is reported as G. A. 6,922 (T. D. 29,914). The importers contend that the merchandise is free of duty under Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 549, reading in part as follows:

549. Eggs of * * * fish. * * * Provided, however, that this shall not be held to include * * * fish roe preserved for food purposes.

Kammerlohr & Duffy (John G. Duffy, of counsel), for importers.
D. Frank Lloyd, Deputy Asst. Atty. Gen. (Charles Duane Baker, of counsel), for the United States.

PLATT, District Judge. The merchandise in question is known commercially as "caviar." As to that portion of the importation in packages of more than 100 pounds, duty was assessed at the rate of three-fourths of 1 cent per pound, under paragraph 261, tariff act of 1897, as fish not specially provided for; and upon that portion imported in tins duty was assessed at the rate of 30 per cent. ad valorem, under paragraph 258, relating to all other fish (except shellfish) in tin packages. The importers claim the merchandise to be entitled to free entry, under paragraph 549 of said act, as eggs of fish.

The Board finds as a fact that the caviar was necessarily put into brine before importation, because otherwise it "could not keep in a fresh condition and therefore would be [when it reached our shores] unsuitable for food." That seems to bring it within the exclusion made by Congress in paragraph 549. As a matter of law I cannot give the word "preserved," in the exclusion, as narrow a meaning as would be necessary to save the importers.

Decision affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes